UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

VICTOR FIELDS AND TAMISHA FIELDS,

                                     Plaintiffs,

                -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, CAPTAIN MICHAEL
KEMPER, DETECTIVE JUAN CARLOS RAMOS,
DETECTIVE WILLIAM KRAPH, KINGS COUNTY
DISTRICT ATTORNEY CHARLES HYNES,
ASSISTANT DISTRICT ATTORNEY LAWRENCE OH,
ASSISTANT DISTRICT ATTORNEY SUZANNE
CORHAN, JOHN DOE POLICE OFFICERS #1-15, JOHN
DOE DETECTIVE INVESTIGATORS #1-5, JOHN DOE
DISTRICT ATTORNEYS #1-5,

                                       Defendants.

------------------------------------------------------------------- x

JUDGE CROTTY

**07 CIV 6681**

COMPLAINT AND
JURY DEMAND

ELECTRONIC FILING CASE



JUL 2 4 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## PRELIMINARY STATEMENT

    1.    This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution and the laws and constitution of the State of New York.

    2.    The claim arises from an April 28, 2006 incident in which the Kings County District Attorney's Office, Officers of the New York City Police Department ("NYPD") and Detective Investigators with the Kings County District Attorney's Office, acting under color of state law, intentionally and willfully subjected plaintiffs to, <u>inter alia</u>, assault, trespass, false arrest and false imprisonment for acts of which plaintiffs were innocent.

    3.    Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiffs are citizens of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. The Commissioner is sued in his individual and official capacities.

10. Captain Michael Kemper ("the Captain") was at all times here relevant the Commanding Officer of the 76th Precinct and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. The Captain is sued in his individual and official capacities.

2

11. District Attorney Hynes was at all times here relevant the head of the Kings County District Attorney's Office and, as such, was a policy maker with respect to training, supervision, and discipline of Assistant District Attorneys and Detective Investigators. DA Hynes is sued in his individual and official capacities. Assistant District Attorney Suzanne Corhan was at all times here relevant, the Chief of the Major Narcotics Investigations Bureau and, as such, was a policy maker with respect to training, supervision, and discipline of Assistant District Attorneys and Detective Investigators. Bureau Chief Corhan is sued in her individual and official capacities.

12. All other individual defendants are members of the NYPD or the Kings County District Attorney's Office, and are sued in their individual and official capacities.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

14. Within 90 days of the events giving rise to this claim, plaintiff Victor Fields filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## JOINT LIABILITY

15. This action falls within one or more of the exceptions set forth in CPLR §1602.

## FACTUAL ALLEGATIONS

16. On April 28, 2006, at approximately 6:00 a.m., plaintiff Tamisha Fields was

inside her apartment at 23 Dikeman St., Brooklyn, NY when several police officers entered without permission or authority. The officers did not knock and announce their presence before entering the apartment. The officers proceeded to detain plaintiff Tamisha Fields and conducted a search of her apartment. Without finding any illegal substances, Tamisha Fields was arrested. Police officers damaged property within the home during the search.

17. On April 28, 2006, at approximately 7:00a.m. plaintiff Victor Fields was outside his apartment at 23 Dikeman St. when he was unlawfully stopped and searched by police officers on the street. No illegal contraband was found on his person. He was then falsely arrested and imprisoned.

18. Plaintiffs' illegal detention continued for over 48 hours.

19. Plaintiffs were eventually released without any charges being filed.

20. At all times during the events described above, the defendant police officers, assistant district attorneys and detective investigators were engaged in a joint venture, specifically a mass arrest commonly referred to as a "sweep", and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

21. At all times during the events described above, the defendant district attorneys and detective investigators directly communicated with the police officers and participated in the arrest process and decision making.

22. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

23. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a. Violation of their rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure of their person;

    b. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    c. Violation of their right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    d. Violation of their New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e. Physical pain and suffering;

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, property loss, and financial loss;

    g. Loss of liberty;

    h. Attorney's and court fees.

### FIRST CAUSE OF ACTION-PLAINTIFF VICTOR FIELDS
(ASSAULT)

24. All preceding paragraphs are here incorporated by reference.

25. Upon approaching plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

26. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under the laws of the

5

State of New York and 42 USC § 1983.

27. Plaintiff was damaged by defendants' assault.

### SECOND CAUSE OF ACTION-PLAINTIFF VICTOR FIELDS
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

28. All preceding paragraphs are here incorporated by reference.

29. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

30. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under the laws of the State of New York and 42 USC § 1983.

31. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

### THIRD CAUSE OF ACTION-PLAINTIFF VICTOR FIELDS
(NEGLIGENCE)

32. The preceding paragraphs are here incorporated by reference.

33. Defendants owed plaintiff a duty to use reasonable care to ensure that plaintiff were not subjected to the foreseeable harm of an arrest without probable cause.

34. Defendants breached that duty by failing to take reasonable measures to ensure that these innocent plaintiffs were not wrongly included in the mass arrests causing plaintiff foreseeable harm.

35. Defendants have deprived plaintiff of his civil, constitutional, statutory and common law rights and are liable to plaintiff under 42 USC §1983, the New York State Constitution and common law.

36. Plaintiff was damaged by the defendants' negligence.

## FOURTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

37. The preceding paragraphs are here incorporated by reference.

38. Defendants' intentional tortuous acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

39. As a result of defendants' tortuous conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

## FIFTH CAUSE OF ACTION
### (42 USC § 1983)

40. The preceding paragraphs are here incorporated by reference.

41. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights under color of law and have conspired to deprive them of such rights and are liable to plaintiffs under 42 USC § 1983.

42. Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution. Defendants' conduct also deprived plaintiffs of their right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

43. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## SIXTH CAUSE OF ACTION
### (MUNICIPAL LIABILITY)

44. All preceding paragraphs are here incorporated by reference.

45. The City, the Commissioner, the District Attorney and the Captain are liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and

servants.

46. The City, the Commissioner, the District Attorney and the Captain knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

47. The aforesaid event was not an isolated incident. The City, the Commissioner, the District Attorney and the Captain have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers and detective investigators are insufficiently trained on the proper basis for an arrest, and the observations required to support probable cause. The City, Commissioner, the District Attorney and Captain are also aware from the same sources that many of their police officers and detective investigators are insufficiently trained in the bases to lawfully enter a citizens' residence. The City, Commissioner, and Captain are further aware, from the same sources, that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, the Commissioner, and the Captain fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of the results of judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, the City, Commissioner, and the Captain have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This

failure and these policies caused the officers in the present case to violate the plaintiffs' civil rights, without fear of reprisal.

48. The New York City Police Department periodically conducts the type of mass arrests that occurred on April 28, 2006. The City, Commissioner, District Attorney and Captain are aware that such arrests, often referred to as "sweeps", have repeatedly included citizens who have engaged in no criminal conduct and yet are detained for several hours, or several days, until the police officers and district attorneys determine who was properly arrested. Despite the repeated false arrests, the NYPD and Kings County District Attorney's Office continue to use such sweeps. This practice led to the violation of plaintiffs' constitutional rights.

49. The City, the Commissioner, the District Attorney and the Captain knew or should have known that the officers, detective investigators and district attorneys who caused plaintiffs injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, the Commissioner, the District Attorney and the Captain failed to take corrective action.

50. The City, the Commissioner, the District Attorney and the Captain have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

51. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City, the Commissioner, the District Attorney and the Captain to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiffs' rights here alleged.

52. Defendants City of New York, the Commissioner, the District Attorney and the Captain have damaged plaintiffs by their failure to properly train, supervise, discipline, review,

9

remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

53. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the City, the Commissioner, the District Attorney and the Captain.

## SEVENTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

54. All preceding paragraphs are here incorporated by reference.

55. Defendants, acting under color of law, violated plaintiffs' rights pursuant to §§6 and 12 of the New York State Constitution.

56. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:   Brooklyn, New York
         July 20, 2007

TO:   New York City
      Office of the Corporation Counsel
      100 Church Street, 4th floor
      New York, NY 10007

      Police Commissioner Raymond W. Kelly
      1 Police Plaza, Room 1406
      New York, NY 10006

      Captain Michael Kemper
      76 Precinct
      191 Union Street
      Brooklyn NY 11231

      District Attorney Charles Hynes
      350 Jay St.
      Brooklyn, NY 11201

      Detective William Kraph
      Brooklyn South Narcotics
      1 Police Plaza Rm.1100
      New York, NY 10007

      Detective Juan Carlos Ramos
      Brooklyn South Narcotics
      1 Police Plaza Rm.1100
      New York, NY 10007

      Assistant District Attorney Lawrence Oh
      350 Jay St.
      Brooklyn, NY 11231

      Assistant District Suzanne Corhan
      350 Jay St.
      Brooklyn, NY 11231

Yours, etc.,

*/s/ Nicole Bellina*

Nicole Bellina
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491