UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYLVIA BURRUS, *et al.*, <br><br>   Plaintiffs, <br><br> -v- <br><br> THE CITY OF NEW YORK, *et al.*, <br><br>   Defendants. | No. 07 Civ. 5573 (RJS) <br> ORDER |
| VICTOR FIELDS, *et al.*, <br><br>   Plaintiffs, <br><br> -v- <br><br> THE CITY OF NEW YORK, *et al.*, <br><br>   Defendants. | No. 07 Civ. 6681 (RJS) |
| TAMISE MCLAUGHLIN, *et al.*, <br><br>   Plaintiffs, <br><br> -v- <br><br> THE CITY OF NEW YORK, *et al.*, <br><br>   Defendants. | No. 07 Civ. 6774 (RJS) |

RICHARD J. SULLIVAN, District Judge:

Defendants in the three above-entitled actions seek (1) to consolidate the actions, and (2) to transfer the actions to the Eastern District of New York. Plaintiffs oppose defendants' application on the ground that (1) consolidation is inappropriate because there are distinct factual and legal issues in the three actions, and (2) the actions are properly venued in the Southern

District of New York because a portion of the events underlying plaintiffs' respective claims occurred in this district. For the following reasons, the Court consolidates the actions and transfers them to the Eastern District of New York.

First, the Court finds that, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule 15 of the Southern District of New York's Rules for the Division of Business Among District Judges, the three above-entitled actions should be consolidated for, at a minimum, discovery purposes. Rule 42(a) permits a court to consolidate multiple actions where they involve "common issues of law or fact."[1] Fed. R. Civ. P. 42(a). District courts have "broad discretion" to consolidate such actions, and generally favor the view that "considerations of judicial economy favor consolidation." *See, e.g.*, *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05 Civ. 4617 (RJH), 2006 WL 197036, at *1 (S.D.N.Y. Jan. 25, 2006). In addition, Rule 15 of the Southern District's Rules for the Division of Business Among District Judges, provides that:

> [A] civil case will be deemed related to one or more other civil cases and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served.

Having reviewed the complaints filed in these actions, the Court finds that consolidation of these actions will serve the interests of justice and efficiency, and will likely result in a substantial saving of judicial resources. Plaintiffs in each action assert claims under 42 U.S.C. §

---

[1] Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

1983 for false arrest and false imprisonment, as well as state-law assault and trespass claims, arising from an alleged "sweep" of individuals suspected of being involved in narcotics activity in the Red Hook section of Brooklyn, New York, by New York City Police Officers on the night of April 28, 2006. Although each action contains some distinct factual allegations, it is beyond doubt that the actions present common questions of law and fact including, but not limited to, the facts underlying the execution of the search warrants on the night in question, as well as the lawfulness of such warrants, and the alleged policy or custom maintained by the defendant City of New York and Police Commissioner Raymond Kelly ("Commissioner Kelly") that allegedly caused plaintiffs' injuries.

Second, the Court grants defendants' request to transfer the actions to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The burden is on the moving party to make a "clear and convincing showing" that transfer is proper. *Habrout v. City of New York*, 143 F. Supp.2d 399, 401 (S.D.N.Y. 2001); *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978) ("[T]he burden is on the defendant, when it is the moving party, to establish that there should be a change of forum."). Specifically, the movant must establish that (1) the action "might have been brought in the proposed transferee forum"; and (2) "the transfer promotes convenience and justice." *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp.2d 325, 327 (E.D.N.Y. 2006); *see also Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp.2d 49, 56 (S.D.N.Y. 2001).

As to the first inquiry, plaintiffs in the *McLaughlin* action dispute that any of the actions could have been brought in the proposed transferee forum, the Eastern District of New York.[2] Specifically, the *McLaughlin* plaintiffs assert that Commissioner Kelly *cannot* be sued in his official capacity in any district *other than* the Southern District of New York.  (*See McLaughlin* Pls.' Nov. 30, 2007 Ltr. at 2-3.)  Plaintiffs assert that, pursuant to 28 U.S.C. 1391(b)(1), Commissioner Kelly "resides" solely within the Southern District and, thus, "venue is mandated" in that district alone. (*Id.*)  The Court rejects plaintiffs' argument.

It appears that plaintiffs' counsel has simply failed to consider the entirety of the venue statute.  Although the first prong of Section 1391(b) locates venue in "a judicial district where any defendant resides," the second prong of the statute unambiguously indicates that, regardless of the defendant's residence, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1)-(2). Thus, with regard to the *McLaughlin* action, even assuming *arguendo* that Commissioner Kelly resides solely in the Southern District of New York[3], and, thus, that venue of the action is proper in the Southern District of New York pursuant to the first prong of Section 1391(b), it is beyond doubt that a "substantial part of the events" giving rise to plaintiffs' claims occurred in the Eastern District of New York and, thus, that venue is also proper in that district.  28 U.S.C. § 1391(b)(2). Specifically, the allegedly unlawful searches, arrests, trespasses, and assaults relating to the *McLaughlin* plaintiffs and their residences — from which plaintiffs' claims

---

[2] Plaintiffs in the remaining actions do not join in this argument and concede that the actions could have been brought in the Eastern District of New York.

[3] The *McLaughlin* plaintiffs fail to provide any support for this proposition, and the Court makes no finding as to the accuracy of that assertion.

directly arise — all occurred in the Red Hook section of Brooklyn, which is, of course, located in the Eastern District of New York. *See generally Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 433 (2d Cir. 2005) ("'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry. . . . When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed 'significant' and, thus, substantial . . . ."). Thus, pursuant to the second provision of Section 1391(b), venue in these actions is clearly proper in the Eastern District of New York.

Furthermore, the Court finds that transfer of these actions promotes the interests of convenience and justice. District courts have broad discretion in evaluating these interests as they relate to a transfer motion. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."); *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) ("Balancing factors of convenience is essentially an equitable task. For that reason, an ample degree of discretion is afforded to the district courts in determining a suitable forum."). Having examined the complaints in these actions, and considered the relevant factors — including plaintiff's choice of forum, the locus of the operative facts, the convenience of likely witnesses and the parties, the location of relevant documents and the relative ease of access to sources of proof, the availability of process to compel attendance of unwilling witnesses, the proposed forum's familiarity with the governing law, and trial efficiency and the interest of justice based on the totality of the circumstances, *see, e.g.*, *POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 404

(S.D.N.Y. 2004) — the Court finds that all or most of the material events, documents, persons, and potential witnesses related to these actions are located in the Eastern District of New York, and, therefore, transfer of the actions is appropriate.

Although plaintiffs's chosen forum is the Southern District of New York, and that choice is normally accorded significant deference, it is "given less weight" where, as here, the respective actions' "operative facts have little connection with the chosen forum." *Frame v. Whole Foods Market, Inc.*, No. 06 Civ. 7058 (DAB), 2007 WL 2815613, at *5 (S.D.N.Y. Sept. 24, 2007) (quoting *UFH Endowment, Ltd. v. Nevada Manhattan Mining, Inc.*, No. 98 Civ. 5032 (DAB), 2000 WL 1457320, at *5 (S.D.N.Y. Sept. 28, 2000)) (internal quotation marks and additional citation omitted). Indeed, the sole fact asserted by plaintiffs that connects the actions to this District is that, following their arrests, at least some of the plaintiffs were allegedly detained by defendants in a correctional facility in Manhattan for over forty-eight hours. The Court finds this fact, by itself, insufficient to withstand defendants' transfer motion, at least where the remaining factors all favor transfer of the actions.[4]

---

[4] Defendants indicate that a case currently pending before the Honorable Carol B. Amon, District Judge, in the Eastern District of New York, *Johnson, et al., v. City of New York*, No. 07 Civ. 905 (CBA) (JMA), also arises out of the alleged "sweep" at issue in the above-entitled actions and, therefore, is "related" to the instant actions. (Defs.' Nov. 14, 2007 Ltr. at 1.) However, because the *Johnson* action is pending in another district, this Court is without authority to consolidate it with the above-entitled actions. *See, e.g*, *Williams v. City of New York*, No. 03 Civ. 5342 (RWS), 2006 WL 399456, at *1 n.1 (S.D.N.Y. Feb. 21, 2006); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2382 ("Actions pending in different districts may not be consolidated . . . ."). In any event, the Court has not been provided with a copy of the pleadings in the *Johnson* action, and, therefore, takes no position as to whether the *Johnson* action shares common questions of law and fact with the above-entitled actions.

Accordingly, for the foregoing reasons, defendants' application to consolidate and to transfer the three above-entitled actions is GRANTED in its entirety. The Clerk of the Court is directed to CONSOLIDATE the three above-entitled actions for discovery purposes. All filings in connection with the consolidated action should be docketed in the lowest-numbered case, No. 07 Civ. 5573. The Clerk of Court is further directed to TRANSFER the three above-entitled actions to the Eastern District of New York.

SO ORDERED.

Dated:   December 29, 2007
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

7